## In the Matter of Lindsay C. POTTHAST, Respondent.

### No. 49S00–1507–DI–438.

Supreme Court of Indiana.

May 6, 2016.

Published Order Approving Statement of Charges and Conditional Agreement for Discipline

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Charges and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below.

**Stipulated Facts:** On or about July 10, 2015, Respondent was convicted on a guilty plea to Operating a Motor Vehicle While Intoxicated ("OWI"), with a Prior Conviction within Five Years, a level 6 felony.

Respondent has prior discipline in Case No. 49S00–1310–DI–682 resulting from her prior OWI conviction. As a result of her 2015 felony conviction, Respondent's disciplinary probation was revoked and her stayed suspension was ordered served without automatic reinstatement in DI–682, and an interim suspension also was ordered in the instant case. *Matter of Potthast,* 39 N.E.3d 684 (Ind.2015).

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on Respondent's trustworthiness or fitness as a lawyer.

**Discipline:** The parties propose the appropriate discipline is a suspension of 90 days without automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than 90 days, without automatic reinstatement, effective immediately.** At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.